IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

PATRICIA M. JACKSON,

    PLAINTIFF,

vs.                                          CASE NO. CV 05-J-419-J

MEGA LIFE AND HEALTH INSURANCE
COMPANY, et al.,

    DEFENDANTS.

### MEMORANDUM OPINION and ORDER

This action is before the court *sua sponte* on the defendant's notice of removal (doc.1). Defendant Mega Life and Health Insurance Company ("Mega") removed this action from the Circuit Court of Walker County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332. Defendants United Insurance Companies, Inc. ("UICI") and UICI Marketing, Inc., joined in the notice of removal.. Defendants National Association for the Self-Employed ("NASE"), United Group Service Centers, Inc. ("UGSC") and Mark Hardin ("Hardin") separately joined in and consented to the removal of this case (docs. 2 and 3). The notice of removal asserts that this court has jurisdiction under 28 U.S.C. § 1332. Notice of Removal, ¶ 14. The plaintiff's complaint asserts that in February 2003, the plaintiff purchased an health insurance certificate from defendant Mega, which was issued under a "group

association policy" issued and endorsed by defendant NASE or unserved defendant NASE Group Trust. Complaint, ¶¶ 1, 35, 44. She was enrolled by defendant Mark Hardin. Complaint, ¶ 44. This policy was then administered by non-party the Insurance Center, allegedly an unincorporated division of defendant UICI. Complaint, ¶ 16. Plaintiff alleges that the defendants created "group" trust products and suppressed accurate information to induce the plaintiff to purchase an association membership and health insurance certificate and the renew the same. Complaint, ¶ 38. The plaintiff asserts thereafter, the defendants would increase the premiums of unhealthy individuals to force these individuals to allow their policies to lapse. Complaint, ¶¶ 40-41. The plaintiff asserts that soon after obtaining health insurance coverage, her premiums were increased. Complaint, ¶ 46. The plaintiff made significant claims in 2003 and 2004, many of which were denied. Complaint, ¶ 47. The plaintiff stated the following state law causes of action: breach of fiduciary and trust duties (Count I), breach of contract (Count II), fraudulent suppression (Count III), unjust enrichment (Count IV), civil conspiracy (Count V), fraud (Count VI), breach of implied contract to procure insurance (Count VII), negligence (Count VIII), negligence per se (Count IX), wantonness (also labeled as Count IX), conversion (Count X), bad faith refusal to pay (Count XI), and bad faith refusal to investigate (Count XII).

The plaintiff seeks Seventy-Four Thousand and no/100 Dollars ($74,500.00) each the defendants "jointly, separately and severally for compensatory and punitive damages ... in the aggregate for all claims in this lawsuit and for costs and interest." Complaint at 25. In its notice of removal, defendant Mega asserts that:

> The amount in controversy in this suit exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff's complaint purports to limit Plaintiff's .... damages to $500 less than the jurisdictional amount .... A review of the actual and punitive damages sought by Plaintiff in this action reveals that she seeks an amount well in excess of $75,000.

Notice of Removal, ¶ 23. Defendant Mega then details that the plaintiff's compensatory claims comprise of the sum of $8,127.75 paid by the plaintiff in premiums, and $22,040 for denied insurance claims. Notice of Removal, ¶ 24. These sums do not appear anywhere in the plaintiff's complaint. Rather, the defendant arrived at these amounts through the affidavit of Kip Howard, an employee of defendant Mega, who merely states that the plaintiff seeks benefits in the amount of appoximately $22,387.17 and that she paid premiums in the amount of $8,127.75. Affidavit of Howard, submitted as exhibit 3 to defendant Mega's notice of removal.

Because this case was removed to federal court by defendant Mega, this defendant bears the burden of proving that federal jurisdiction exists. *See Williams v. Best Buys,* 269 F.3d 1316, 1319 (11th Cir.2001). Remand is appropriate where "the pleadings make it clear 'to a legal certainty that the claim is really for less than the

jurisdictional amount...'" *See Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir.2002).

In *Smith v. GTE Corporation,* 236 F.3d 1292, 1299 (11th Cir.2001), where neither party challenged federal court jurisdiction, the court still held that, because federal courts are powerless to act beyond the statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case and should itself raise the question of subject matter jurisdiction when a doubt about jurisdiction arises. *Id*. at 1299; citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985) ("A federal court not only has the power but also the obligation...to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises").

This court notes from the face of the complaint that the plaintiff does not seek more than $75,000.00 from any defendants. Defendant Mega, intuiting the amount of claims plaintiff disputes, comes forward with the sum of either $30,514.92 or $30,167.75 as the amount of damages plaintiff seeks for unpaid claims and premium payments.[1]

---

[1] Defendant Mega asserts the plaintiff seeks $22,040 in its Notice of Removal, but Howard's statement under oath is that the plaintiff seeks benefits of approximately $22,387.17. Howard affidavit, ¶ 2. Nowhere in her complaint does the plaintiff state any amount of benefits she seeks. The court guesses that, perhaps, the sum of $22,387.17 or the sum of $22,040 is the amount in unpaid claims the plaintiff has made to defendant Mega. Defendant's estimation assumes that the plaintiff contests the failure to pay each and every claim which has been denied.

Defendant Mega then asserts that its own expert has opined that:

> "the Plaintiff has incorrectly stated the amount in controversy in this action." (Latta Aff. ¶ 21) It is his opinion that "absent a stipulated or court-ordered limitation of damages, this case certainly involves an amount in controversy greater than $75,000.00 and it clear (sic) meets the 'legal certainty' standard for concluding the amount in controversy exceeds $75,000." (Latta Aff. ¶ 21.)

Notice of Removal, 28. This is insufficient to establish that the plaintiff seeks in excess of this court's jurisdictional amount. Such a conclusory basis for federal diversity jurisdiction is insufficient to give rise to a credible assertion that the plaintiff may recover damages greater than $75,000.00.

The court notes that *Burns v. Windsor* is instructive. In that case, the Eleventh Circuit stated:

> Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plaintiff's claim to determine whether removal was appropriate. Plaintiff's complaint specifically requests [$74,500] in damages. Therefore, no jurisdiction exists on the face of plaintiff's claim. So, the critical question is to what extent must defendant prove jurisdiction exists despite plaintiff's express claim to less than the minimum jurisdictional sum?
>
> We believe the defendant's burden of proof must be a heavy one ....
>
> That is, defendant must prove to a legal certainty that plaintiff's claim must exceed [$75,000]. This strict standard is consistent with case law and congress' policy of limiting federal diversity jurisdiction ....

---

This could indeed be the case, but the court has no evidence of the same before it.

*Burns v. Windsor*, 31 F.3d 1092, 1096 (11th Cir.1994).  See also *Sapp v. AT & T Corp.,* 215 F.Supp.2d 1273, 1278 (M.D.Ala.2002) ("Where a plaintiff expressly limits the damages sought in a complaint to an amount less than the jurisdictional minimum, it is incumbent on the defendant seeking to invoke the jurisdiction of the federal court to prove to a legal certainty that, assuming the plaintiff establishes liability, the recovery must exceed $75,000").

The court also finds the case of *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805 (11th Cir.2003), to be instructive. Although the issue arose in the context of a dismissal for lack of diversity jurisdiction rather than remand, the Court stated that:

> But, McKinnon did not and has not placed any dollar amount on the various damages it is seeking .... Therefore, the damages McKinnon prays for under the bad faith claim are indeterminate. *See Greenberg,* 134 F.3d at 1253 (explaining that a prayer for damages is indeterminate where the "complaint does not allege a specific amount of damages").
> In fact, McKinnon represented that it does not seek and, more importantly, *will not accept* damages in excess of $74,000 exclusive of interest and costs.  Because McKinnon's lawyers are officers of this court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose, such as merely to defeat diversity jurisdiction, we give great deference to such representations and presume them to be true. *See Burns,* 31 F.3d at 1095 ("Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal.").
> Federated has offered no evidence to rebut McKinnon's representation .... Federated does point to a number of Alabama cases where courts have awarded punitive damages well in excess of $75,000 for bad faith

failure to pay ...but mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of Federated's assertion in this case. Therefore, we conclude that ... Federated has failed to prove by a preponderance of the evidence that McKinnon's claim is in excess of $75,000 and, thus, the district court did not err in granting McKinnon's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

*Federated Mut. Ins. Co.*, 329 F.3d at 808 -809.  Likewise, defendant Mega and its experts rely on what other courts have awarded for similar claims as those this plaintiff makes in this case. *See* Affidavit of Latta, submitted as Exhibit 4 to Mega's notice of removal and Affidavit of Priest, submitted as Exhibit 5 to Mega's notice of removal.  This is insufficient to demonstrate that the plaintiff's claim for $74,500.00 is really a disguised claim for more than that amount.

In consideration of the foregoing, this court finds no basis for jurisdiction under 28 U.S.C. § 1332 because the amount in controversy has not been shown to be enough to satisfy this court's jurisdictional minimum.

It is therefore **ORDERED** by the court that this case be and hereby is **REMANDED** to the Circuit Court of Walker County, Alabama, from whence it was improvidently removed.

**DONE** and **ORDERED** this the 1st day of March, 2005.

　　　　　　　　　　　　　　　　　　／s／ Inge Prytz Johnson
　　　　　　　　　　　　　　　　　　INGE PRYTZ JOHNSON
　　　　　　　　　　　　　　　　　　U.S. DISTRICT JUDGE